**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1703-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMES R. TODD, a/k/a JAMES
RED TODD, and NUNU,

     Defendant-Appellant.

_____

Submitted November 4, 2019 – Decided January 15, 2020

Before Judges Messano and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 11-03-0617.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Gubir S. Grewal, Attorney General, attorney for respondent (Lila Bagwell Leonard, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant, James Todd, appeals from the revised sentence imposed on his trial convictions for conspiracy to distribute CDS, hindering his own apprehension, and disturbing/desecrating the remains of a gunshot victim. This is not the first time we have considered the sentence defendant received for these crimes. In defendant's initial appeal, we vacated his conviction for unlawful possession of a weapon, affirmed his convictions for conspiracy, hindering, and desecration, and ordered a new sentencing proceeding so that the trial judge could explain the reasons for imposing the maximum sentences on the three remaining convictions.

In our initial unreported opinion, we found no reason to disturb the trial court's imposition of consecutive sentences. State v. Todd, No. A-0021-13 (App. Div. Jan. 10, 2018) (slip op. at 16). See generally State v. Yarbough, 100 N.J. 627, 643–44 (1985) (explaining factors for imposing consecutive sentences). We also concluded that the trial judge adequately explained his findings regarding the aggravating sentencing factors. Todd, slip op. at 16. However, we held the trial court at the initial sentencing proceeding did not specifically explain why it imposed the maximum sentences on the convictions for the third-degree crime of hindering apprehension and the second-degree crime of desecrating human remains. Ibid. We therefore determined that a

remand was necessary, especially in light of our decision to vacate the firearm conviction.  Id. at 17–18.

We have reviewed the record of the resentencing proceeding in light of the applicable legal standards and our first opinion in this matter.  We conclude that the revised sentence neither constitutes an abuse of sentencing discretion nor shocks the judicial conscience.

Defendant raises the following contention for our consideration:

THE TRIAL COURT PROVIDED INADEQUATE REASONS FOR THE AGGREGATE SENTENCE OF [TWENTY-TWO] YEARS WITH AN [ELEVEN-YEAR] PERIOD OF PAROLE INELIGIBILITY.

The factual circumstances of defendant's criminal conduct are detailed in our initial unreported opinion and need not be recounted at length in this opinion.  Defendant, while a participant in a drug-distribution conspiracy, assisted others in disposing the body of a shooting victim who was a "customer" at an illicit drug house at which defendant sold PCP.  The victim's body was wrapped in plastic, transported to a cemetery, and burned.

At the initial sentencing proceeding, defendant was sentenced to a ten-year term of imprisonment with a five-year period of parole ineligibility on the drug conspiracy conviction; a five-year term of imprisonment with a thirty-month period of parole ineligibility on the hindering conviction; and a ten-year

term of imprisonment with a five-year period of parole ineligibility on the desecration conviction. The court ordered the sentences to be served consecutively. The trial court also imposed a ten-year term of imprisonment with a five-year period of parole ineligibility on the since-vacated firearm conviction. That sentence was ordered to be served concurrently with the sentences imposed on the other convictions. The aggregate initial sentence was twenty-five years in prison with a twelve-and-one-half year period of parole ineligibility.

On remand, defendant was resentenced to an eight-year term of imprisonment with a four-year period of parole ineligibility on the drug conspiracy conviction; a four-year term of imprisonment with a two-year period of parole ineligibility on the hindering conviction; and a ten-year term of imprisonment with a five-year period of parole ineligibility on the desecration conviction. The court ordered the sentences to be served consecutively. The revised aggregate sentence was twenty-two years in prison with an eleven-year period of parole ineligibility. In other words, the aggregate maximum sentence was reduced by three years, and the aggregate term of parole ineligibility was reduced by eighteen months. Defendant now seeks a greater reduction.

A-1703-18T4

"Appellate review of the length of sentence is limited." State v. Miller, 205 N.J. 109, 127 (2001). As the Court has reiterated:

> The appellate court must affirm the sentence unless (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [State v. Fuentes, 217 N.J. 57, 70 (2014) (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364–65 (1984)).]

Applying this deferential standard, we believe the resentencing court properly weighed the relevant facts and circumstances and appropriately reduced the aggregate sentence and term of parole ineligibility. The trial court properly accounted for mitigating circumstances, finding, for example, that defendant had been influenced by others. The judge also properly acknowledged that defendant's role in the hindering and desecration crimes was limited to serving as a lookout. The court further acknowledged the steps defendant had taken to improve himself during his incarceration, while observing that those rehabilitative efforts did not diminish the seriousness of the criminal acts defendant committed.

A-1703-18T4

As to the aggravating circumstances, we had previously held that trial judge at the initial hearing adequately explained his findings, <u>Todd</u>, slip op. at 16, and nothing at the resentencing hearing causes us to reconsider that judgment. The trial court noted that defendant had been involved in illicit drug distribution activity for approximately a year. This case underscores the dangers to those who patronize drug distributors, not just from the risk of overdose but also from the violence inherent in the illicit drug trade.

In sum, we conclude that the trial judge at the resentencing proceeding adequately explained the reasons for the exercise of his sentencing discretion. We appreciate that defendant seeks a greater reduction in the aggregate term of imprisonment and parole ineligibility than the trial court saw fit to grant after the resentencing hearing. Because the amended sentence neither constitutes an abuse of discretion nor shocks the judicial conscience, we decline to substitute our judgment for that of the trial judge. <u>Miller</u>, 205 N.J. at 127.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1703-18T4